UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLIENT NETWORK SERVICES, INC.,

    Plaintiff,

v.                                  Case No:   6:19-mc-21-Orl-40TBS

STEPHEN ALAN SMITH,

    Defendant.

## ORDER

This case comes on for consideration of Plaintiff, Client Network Services, Inc.'s Motion for Continuing Writ of Garnishment against would-be garnishee, Tenable, Inc. (Doc. 3). Plaintiff has registered in this Court a judgment entered against Defendant, Stephen Alan Smith, on November 14, 2018 by the United States District Court for the District of Maryland, in the amount of $355,735.18, plus post-judgment interest at the statutory rate (Docs. 1, 3). Plaintiff claims that the judgment has not been satisfied and "requests that this Court issue a Continuing Writ of Garnishment against any and all salary, wages, **commissions, distributions, profits, or other monies paid to Smith**, in the possession or control of Tenable, Inc.," up to the amount of the Judgment (emphasis added). Plaintiff represents that Smith "lives and works in Florida." (Doc. 3 at 2). Attached to the motion is a proposed Writ of Garnishment (Doc. 3-1, pp. 1 and 2) and a proposed Continuing Writ of Garnishment Against Salary or Wages (Doc. 3-1, pp. 3 and 4).

"The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located[.]" FED. R. CIV. P. 69(a)(1). Florida law provides that "[e]very person or entity who

... has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person ... and any tangible or intangible personal property of defendant in the possession or control of a third person." FLA. STAT. § 77.01. To obtain a writ of garnishment, the judgment creditor must file a motion stating the amount of the judgment. FLA. STAT. § 77.03. The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ **shall state the amount named in plaintiff's motion.** FLA. STAT. § 77.04 (emphasis supplied). If salary or wages are to be garnished to satisfy a judgment, "the court shall issue a continuing writ of garnishment **to the judgment debtor's employer** which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order." FLA. STAT. § 77.0305 (emphasis supplied).

The papers filed here are deficient. First, Plaintiff has tendered both a proposed Writ of Garnishment and a proposed Continuing Writ of Garnishment against Salary or Wages, but only moves for issuance of the Continuing Writ. As such, the proposed Writ is superfluous. Next, nothing in the motion suggests that the would-be garnishee is Smith's

employer, as required by the statute. "As illustrated by the clear and unequivocal terms of Florida's continuing garnishment statute, the procedure applies only when the debtor is an employee of the garnishee and when the money owed is salary or wages." Collar v. Abalux Inc., 16-20872-CIV, 2018 WL 4282838, at *3 (S.D. Fla. Sept. 6, 2018). To the extent the motion asks for a continuing writ to recover not only "all salary and wages," but also "commissions, distributions, profits, or other monies paid to Smith" (Doc. 3 at 1), Plaintiff has not shown that this relief is available via a continuing writ. "If the money owed is not salary or wages, then the statute cannot be used to obtain a continuing garnishment." Collar, 2018 WL 4282838, at *3.

The proposed Continuing Writ also fails to include the amount stated in Plaintiff's motion. Instead, it inexplicably includes "$457,274.56," which is not the amount of the judgment or the amount claimed in the motion. And, the Continuing Writ does not include a signature block (with date) for the Clerk. Finally, Plaintiff has failed to tender the required Notice to Defendant. See Odes v. Harris, 12-61561-CIV, 2018 WL 3109622, at *1 (S.D. Fla. May 17, 2018) (denying motion for issuance of continuing writ where the plaintiffs did not include a "Notice to Defendant" for the Clerk to issue along with the proposed writ as required by FLA. STAT. § 77.041(1)).

Now, the motion is **DENIED without prejudice.** It may be renewed, upon remedying the deficiencies noted here.

**DONE** and **ORDERED** in Orlando, Florida on July 3, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record